IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BLACKBEARD OPERATING, LLC, | § § | |
| *Plaintiff*. | § § | CIVIL ACTION NO. |
| vs. | § § | 4:23-cv-00788-P |
| SANGUINE GAS EXPLORATION, LLC, | § § § | |
| *Defendant*. | | |

## JOINT STATUS REPORT

Pursuant to the Court's Order to Submit a Joint Status Report ("OSJST"), the parties file this Joint Status Report as follows:

1. A statement detailing the date on which the Scheduling Conference was held, the location of the Scheduling Conference, the names of the attorneys present, a statement on whether meaningful progress toward settlement was made, and a statement on the prospect of settlement—without disclosing settlement figures:

    **Joint Statement**: The parties' counsel held the Scheduling Conference on August 14, 2023 at the offices of Plaintiff's counsel, Alston & Bird, in Ft. Worth. Attending in person for the Plaintiff were Rob Vartabedian and Connor Bourland of Alston & Bird LLP. On behalf of the Defendant, Mary Melle, of Calhoun, Bhella, & Sechrest, LLC, attended in person and Paul DeMuro, of Frederic Dorwart, Lawyers, PLLC, attended by phone. Counsel discussed the prospect of settlement. The prospect for settlement is average for a case of this type. The parties engaged in preliminary settlement discussions and will continue to engage in informal settlement discussions.

2. A brief statement of the claims and defenses:

    **Plaintiff's Statement**: This case involves the improper retention and use of Plaintiff's confidential and proprietary information in violation of the parties' Confidentiality and Non-Disclosure Agreement and the Texas Uniform Trade Secrets Act. In 2021, Plaintiff entertained bids from third parties, including Defendant, to acquire Plaintiff's oil and gas assets in Pittsburg and Atoka Counties, Oklahoma. As part of that process, Plaintiff created a virtual data room containing its land files, ownership reports, title information, and other proprietary and confidential information related to Plaintiff's assets. In exchange for access to the data room, Defendant signed a Confidentiality and Non-Disclosure Agreement, whereby Defendant agreed it would not use Plaintiff's information for any purpose other than to submit a bid for Plaintiff's assets. Within a few months of signing the NDA, Defendant began taking hundreds of leases within Plaintiff's targeted area in Pittsburg and Atoka Counties—including in sections that

were held by production. To that point, Defendant had taken few, if any, leases in those sections. Given the scope of title work and negotiation that would be required to take these hundreds of leases in such a little time, and the cost and manhours required to undertake such a task, Defendant had to have used Plaintiff's confidential information in the data room to acquire these leases to Plaintiff's detriment. The timing suggests Defendant never intended to abide by its NDA and always intended to use Plaintiff's confidential information for Defendant's gain.

**Defendant's Statement**: Plaintiff's allegations are false. Defendant Sanguine Gas Exploration, LLC ("Sanguine") is an experienced oil and gas operator in Oklahoma, including in Pittsburg and Atoka Counties, Oklahoma. In connection with Defendant's marketing of assets in Pittsburg and Atoka Counties, Sanguine entered into a non-disclosure agreement with Defendant, and accessed Defendant's virtual data room, which contained only general information about Plaintiff's interests in the subject area. At that time, Sanguine already had significant interests in, and knowledge of, the market in Pittsburg and Atoka Counties, including an on-going leasing program. Sanguine determined not to proceed with a transaction with Defendant. In all respects Sanguine complied with its obligations under the non-disclosure agreement and Texas law. Sanguine did not use any information from Defendant's virtual data room for any improper or competitive purpose. On March 30, 2023, Plaintiff's affiliate, Bravo Arkoma, LLC, filed a lawsuit against Sanguine in Pittsburg County, Oklahoma, alleging similar claims of misappropriation of confidential information related to Plaintiff's same so-called "targeted area" in Pittsburg and Atoka Counties. (*See Bravo Arkoma, LLC v. Sanguine Gas Exploration, LLC,* Case No. CJ-23-0093, District Court of Pittsburg County, Oklahoma). Early discovery in Plaintiff's Oklahoma lawsuit has demonstrated that Plaintiff lacked a basic understanding of, and competence in, the practices and procedures in Oklahoma for acquiring and pooling leases for oil and gas operations. Instead of taking responsibility for its own operational shortcomings, Defendant has fabricated false claims against Sanguine.

3. A proposed time limit to amend pleadings and join parties:

    **Joint Statement**: The parties agree to consent to amended and/or supplemental pleadings adding new causes of action or defenses filed and served by December 29, 2023 without requiring leave of the Court. Pleadings must be amended or supplemented with leave of the Court by February 29, 2024.

4. A proposed time limit for dispositive motions (*e.g.,* summary judgment):

    **Joint Statement**: All dispositive motions should be filed by July 30, 2024.

5. A proposed time limit for initial designation of experts and responsive designation of experts:

    **Joint Statement**: Parties seeking affirmative relief shall designate experts by April 15, 2024. Parties opposing affirmative relief shall designate experts by May 30, 2024. All rebuttal experts shall be designated by June 14, 2024.

6.     A proposed time limit for objections to experts (*e.g., Daubert* and similar motions):

   **<u>Joint Statement</u>**: All objections and challenges to experts should be filed by July 30, 2024.

7.     A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit for completing factual and expert discovery, and a statement of whether discovery should be conducted in phases:

   **<u>Joint Statement</u>**: The parties agree that the limitation on the number of interrogatories to 25 as set by Rule 33 is sufficient for this case. The parties do not believe the number of requests for admissions, requests for production, or total deposition time should be capped or limited for this case.

   The parties agree that fact and expert discovery should begin on August 29, 2023 when the parties exchange initial disclosures, and that discovery should close on July 15, 2024. All written discovery should be served such that responses are due on or before July 15, 2024 and all depositions must be conducted by July 15, 2024. The parties agree additional discovery may be had after this date either by consent or by leave of the Court for good cause.

   The parties have agreed that the following information will be exchanged in initial disclosures: the contents of the virtual data room at issue in Plaintiff's allegations and any leases Sanguine acquired after having access to the virtual data room that overlapped with the lease information contained in the data room. After initial disclosures, the parties will further confer and attempt to agree on the scope of discovery; the parties may seek the Court's guidance if they are unable to agree on the scope of discovery.

   **<u>Plaintiff's Statement</u>**: Plaintiff believes the subjects on which discovery may be needed include, but are not limited to: Defendant's involvement in the potential sale of Plaintiff's assets in the Atoka and Pittsburg Counties, Oklahoma; Defendant's Confidentiality and Non-Disclosure Statement with Plaintiff; Defendant's use of confidential information obtained through Defendant's access to Plaintiff's virtual data room related to Plaintiff's Atoka and Pittsburg Counties, Oklahoma, assets; Defendant's mineral lease and acquisition activities in Atoka and Pittsburg Counties, Oklahoma, before and after accessing Plaintiff's virtual data room; Defendant's title work and ownership diligence in Atoka and Pittsburg Counties, Oklahoma, before and after accessing Plaintiff's virtual data room; third parties Defendant used to conduct mineral ownership diligence and to lease and acquire mineral interests in Atoka and Pittsburg Counties, Oklahoma, before and after accessing Plaintiff's virtual data room.

   **<u>Defendant's Statement</u>**: Plaintiff's claims are narrowly limited to the allegation that Defendant misappropriated data or information contained in Plaintiff's virtual data room, which is a self-contained and limited set of data. Before engaging in the broad discovery envisioned by Plaintiff, a determination should be made of precisely what data and information were contained in the virtual data room (which should be readily

ascertainable), and what leases, if any, Sanguine took that overlapped with the lease information contained in the virtual data room. Discovery after initial disclosures should be limited to additional discovery, if any, needed to resolve the parties' claims and defenses, including expert discovery, based on the outcome of the first phase of discovery.

8. A statement on whether any limitations on discovery need to be imposed, and if so, what limitations:

    **Joint Statement**: The parties did not identify any limitations on discovery to be imposed at this time, subject to the parties' agreement regarding initial disclosures in Paragraph 7 above.

9. A statement on how to disclose and conduct discovery on electronically stored information ("ESI") and any statement on disputes over disclosure and discovery of ESI:

    **Joint Statement**: To the extent available, the parties have agreed to produce documents in accordance with the attached proposed ESI Order ("Exhibit A").

10. Any proposals on handling and protection of privileged or trial-preparation material that should be reflected in a Court Order:

    **Joint Statement**: The parties do not have any proposals at this time.

11. A proposed trial date, the estimated number of days for trial, and whether a jury has been demanded:

    **Joint Statement**: September 16, 2024 for a five-day trial.

    **Plaintiff's Statement**: Plaintiff acknowledges Defendant's jury demand and is evaluating whether it is proper under the Parties' contract.

    **Defendant's Statement**: Defendant has demanded a trial by jury on all matters in this case.

12. A proposed mediation deadline:

    **Joint Statement**: The parties should mediate the case by July 1, 2024.

13. A statement on when and how disclosures under FED. R. CIV. P. 26(1) were made or will be made:

    **Joint Statement**: Initial disclosures will be made by August 29, 2023 in accordance with the Court's order on the same.

14. A statement on whether the parties will consent to a trial (jury or bench) before a United States Magistrate Judge:

**Joint Statement**: The parties did not agree to consent to a trial before a United States Magistrate Judge.

15. Whether a conference with the Court is desired, and if so, a brief explanation why:

    **Joint Statement**: The parties do not believe a conference is necessary at this time. The parties may request a conference after initial disclosures if the are unable to agree on the scope of post-disclosure discovery.

16. Any other proposals on scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial and other orders that the Court should enter under FED. R. CIV. P. 16(b), 16(c), and 26(c):

    **Joint Statement**: The parties propose the following additional pre-trial deadlines:

    All parties shall serve their lists of witnesses to be called at trial, other than rebuttal or impeaching witnesses whose testimony cannot reasonably be anticipated before trial, by 5:00 p.m. on August 19, 2024.

    All parties shall serve designations of deposition testimony they intend to present at trial during their case-in-chief specifying by page and line number the deposition testimony of those witnesses who will testify by deposition (whether video or read) by 5:00 p.m. on August 19, 2024.

    All parties shall exchange their exhibit list and copies of their trial exhibits, other than those used solely for rebuttal or impeachment that cannot reasonably be anticipated before trial by 5:00 p.m. on August 19, 2024.

    All parties shall serve their objections and cross-designations in response to designations made by the opposing party, specifying by page and line number the deposition testimony of those witnesses who will testify by deposition (whether video or read) by 5:00 p.m. on August 28, 2024.

    The parties shall file motions in limine and any objections to exhibits and shall serve their objections to cross-designations, proposed jury questions, instructions, and definitions by 5:00 p.m. on August 30, 2024. The parties shall confer about objections to exhibits and motions in limine and only file those for which agreement could not be reached. The parties shall work in good faith to provide the Court with an agreed exhibit list. Failure to object to authenticity of a proposed exhibit shall constitute a stipulation as to its authenticity.

    The parties shall serve proposed jury questions, instructions, and definitions by 5:00 p.m. on September 6, 2024.

    The parties request that the Court permit the deadlines set out herein to by modified by order or the Court or upon request of a party for good cause.

Dated: August 15, 2023.

Respectfully submitted,

<div style="display: flex;">

<div>

/s/ Mary M. Melle (*by permission*)
Mary M. Melle
Texas Bar No. 24051789
mmelle@cbsattorneys.com
Jocelin A. Tapia
Texas Bar No. 24126044
jtapia@cbsattorneys.com
CALHOUN BHELLA & SECHREST, LLP
325 N. Saint Paul St., Ste. 2300
Dallas, Texas 75201
Telephone: 214-981-9200
Facsimile: 214-981-9203

*Counsel for Defendant,*
*Sanguine Gas & Exploration, LLC*

Nora R. O'Neill, Oklahoma Bar #19901
noneill@fdlaw.com
Paul DeMuro, Oklahoma Bar #17605
pdemuro@fdlaw.com
FREDERIC DORWART, LAWYERS PLLC
124 East 4thStreet
Tulsa, Oklahoma 74103
Telephone: 918-583-9922
Facsimile: 918-583-8251

*Counsel for Defendant,*
*Sanguine Gas & Exploration, LLC*
*Pro Hac Application Pending*

</div>

<div>

/s/ Robert C. Vartabedian
Robert C. Vartabedian
Texas Bar No. 24053534
Rob.vartabedian@alston.com
Conrad D. Hester
Texas Bar No. 24066562
Conrad.hester@alston.com
Alix D. Allison
Texas Bar No. 24086261
Alix.allison@alston.com
Connor R. Bourland
Texas Bar No. 24109655
Connor.bourland@alston.com
Rory M. Smith
Texas Bar No. 24125415
Rory.smith@alston.com

ALSTON & BIRD LLP
301 Commerce Street, Suite 3635
Fort Worth, Texas 76102
Telephone: 682-354-2000
Facsimile: 682-354-2299

*Counsel for Plaintiff,*
*Blackbeard Operating, LLC*

</div>

</div>

## CERTIFICATE OF SERVICE

    I certify that on August, 15, 2023, a copy of this document was electronically filed. Notice of this filing will be sent to all counsel of record by operation of the Court's Electronic Filing System.

/s/ Robert C. Vartabedian
Robert C. Vartabedian

**JOINT STATUS REPORT**     6
LEGAL02/43226652v5